JS-6

FILED
CLERK, U.S. DISTRICT COURT

1/7/2016

CENTRAL DISTRICT OF CALIFORNIA
BY: _____CW_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

BERNARD SMITH,

    Petitioner,

v.

NEIL McDOWELL, Warden,

    Respondent.

Case No. SA CV 15-1753 MWF (MRW)

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

    The Court dismisses Petitioner's defective state habeas action for failing to file an appropriate habeas petition.

\* \* \*

    Petitioner, an inmate in state prison, filed a request to toll the federal statute of limitations applicable to a state prisoner's habeas action under AEDPA. (Docket # 1.) He does not have an active habeas petition on file in this district. Indeed, his filing is apparently an attempt to extend the deadline to file a future habeas petition challenging his state court criminal conviction.

    Magistrate Judge Wilner reviewed Petitioner's filing. (Docket # 3.) Judge Wilner informed Petitioner that his request was "inadequate and premature" because Petitioner had not filed a habeas petition to commence the action. Judge

Wilner invited Petitioner to file a supplemental statement setting forth "legal authority that allows him to proceed in the manner he proposes – that is, a motion to toll the limitations period for an unfiled habeas action." (Id. at 2.)[1]

Petitioner filed such a statement. (Docket # 4.) However, none of the judicial decisions cited in his submission described the procedural mechanism that Petitioner seeks to utilize. See, e.g., Heleva v. Brooks, 581 F.3d 187, 188 (3d Cir. 2009) ("Appellant Daniel Heleva filed a habeas petition challenging his state court conviction for first-degree homicide near the end of the one-year statute of limitations for such petitions" along with motion for stay of federal action) (emphasis added).

* * *

A state prisoner must begin his case by filing a petition for a writ of habeas corpus. Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts[2] expressly requires that a state prisoner commence a habeas action by using a standard form prepared by the Court. In our district, prisoners must complete Form CV-69. That form provides the Court with basic information about the petitioner, his conviction, the prior status of his case in state and federal court, and, most importantly, the federal constitutional claims he wishes to pursue here.

The procedure that Petitioner seeks to use does not comply with this basic rule. Petitioner has not filed an actual habeas petition under Rule 2(d), so the Court does not know what claims he intends to assert on federal review. The state superior court petition attached to the tolling request is insufficient to demonstrate what claims Petitioner actually intends to assert in federal court after he ultimately

---

[1] Judge Wilner also informed Petitioner about the operation of AEDPA's one-year filing window, and that Petitioner may be entitled to statutory and gap tolling of that period based on the pendency of his habeas proceedings in state court. In the absence of a filed federal petition, though, the Court cannot determine the timeliness of the action.

[2] Contrary to Petitioner's response (Docket # 4 at 1), the Rules governing habeas actions apply nationally, and are not a Local Rule of this Court.

finishes the state collateral review process. Petitioner may properly be able to file a petition at a later date that will be both timely and fully-exhausted. However, at present, Petitioner failed to demonstrate that the Court can extend the habeas filing period in the manner that he requests.

Therefore, the Court DISMISSES the action without prejudice. For Petitioner's convenience, the Court directs the Clerk to send him a blank Form CV-69 with a copy of this Order.

IT IS SO ORDERED.

Dated: January 7, 2016

HON. MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE